**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| **RODSHAE WATKINS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **CIVIL ACTION** |
| | ) | |
| **v.** | ) | **No. 19-2114-KHV** |
| | ) | |
| **CORRECT CARE SOLLUTIONS, LLC,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## MEMORANDUM AND ORDER AND ORDER TO SHOW CAUSE

Plaintiff *pro se* Rodshae Watkins filed suit alleging employment discrimination, retaliation and defamation. After litigation commenced, plaintiff failed to attend court-ordered mediation. This matter comes before the Court on Defendant's Motion To Dismiss Plaintiff's Complaint For Failure To Prosecute Or, In The Alternative, For Sanctions (Doc. #39) filed September 24, 2019. Plaintiff did not respond to defendant's motion. For reasons set forth below, the Court finds that dismissal is inappropriate at this time. The Court, however, orders plaintiff to show cause in writing on or before November 25, 2019 why it should not impose other sanctions.

### Factual Background

From February 2018 through June 2018, plaintiff worked for defendant. Complaint (Doc. #1) filed February 28, 2019. On or about June 22, 2018, defendant terminated plaintiff's employment. Id. On February 28, 2019, plaintiff filed a complaint alleging employment discrimination, retaliatory discharge and defamation. Id. On June 7, 2019, the Court set a mediation deadline of September 13, 2019. Scheduling Order (Doc. #18). On July 12, 2019, the parties gave the Court notice that they had scheduled mediation for August 29, 2019. Designation of Mediator (Doc. #23). On August 21, 2019, plaintiff's attorney moved to withdraw as counsel

due to a "total breakdown in communication between attorney and client." Amended Motion To Withdraw As Counsel Of Record With Supporting Suggestions (Doc. #30). On August 22, 2019, the Court granted attorney's motion and notified plaintiff that she was still expected "to continue to participate in this case and meet the deadlines set forth in the scheduling order, whether she proceeds *pro se* or retains new counsel." Order (Doc. #32). The Court also ordered plaintiff to participate in the upcoming mediation. Id.

On August 29, 2019, plaintiff did not attend the scheduled mediation and did not provide notice of her absence to either the mediator or defendant. Defendant's Motion (Doc. #39) at 2. On September 24, 2019, defendant filed this motion seeking dismissal for failure to prosecute under Fed. R. Civ. P. 41(b), or in the alternative, for sanctions under D. Kan. Rule 16(c)(5) and Fed. R. Civ. P 16(f). Id. at 3.

## Legal Standard

The Court has discretion to sanction a party for failure to comply with procedural or local rules. Reed v. Bennett, 312 F.3d 1190, 1195 (10th Cir. 2002). The Federal Rules of Civil Procedure authorize sanctions – including dismissal – when a party fails to comply with court orders or rules. See Fed. R. Civ. P. 41(b). Local rules authorize sanctions pursuant to Rule 16(f) when a party fails to attend court-ordered mediation. D. Kan. Rule 16.3(c). These rules apply equally to *pro se* litigants and other litigants. Garrett v. Selby Connor Maddux & Janner, 425 F.3d 836, 840 (10th Cir. 2005).

Under Rule 41(b), if plaintiff fails to comply with the Federal Rules of Civil Procedure or a court order, defendant may move to dismiss or the Court may sua sponte dismiss the action with or without prejudice. See Davis v. Miller, 571 F.3d 1058, 1060 (10th Cir. 2009). Dismissal is a

severe sanction which the Court employs only as a last resort.  Id. at 1061.  The Court considers

the following factors to determine whether dismissal is an appropriate sanction:

> (1) the degree of actual prejudice to the defendant; (2) the amount of interference
> with the judicial process; (3) the culpability of the litigant; (4) whether the court
> warned the party in advance that dismissal of the action would be a likely sanction
> for noncompliance; and (5) the efficacy of lesser sanctions.

Id. (citing Ehrenhaus v. Reynolds, 965 F.2d 916, 921 (10th Cir. 1992).  Dismissal is appropriate

if the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on

their merits.  Id.  In many cases, however, lesser sanctions are sufficient to deter future

noncompliance.  Id. at 920.

Under Rule 16(f), the Court has "broad discretion" to impose lesser sanctions for a party's

failure to comply with court rules.  In re Baker, 744 F.2d 1438, 1440 (10th Cir. 1984).  Rule

16(f)(2) states that the Court "must order" the party to pay reasonable expenses incurred as a result

of noncompliance, unless the circumstances make an award of expenses unjust.  Fed. R. Civ. P.

16(f)(2).  Thus, the Court should consider the circumstances surrounding the party's

noncompliance to determine the appropriate type and amount of sanctions.  See e.g., Torres v.

Kan. Heavy Constr., L.L.C., No. 17-2130-JAR, 2018 U.S. Dist. LEXIS 145827, at *15 (D. Kan.

Aug. 28, 2018) (reasons for noncompliance failed to establish excusable neglect); McKenzie v.

Citibank, No. 08-02510-JAR, 2009 U.S. Dist. LEXIS 114949, at *15 (D. Kan. Dec. 8, 2009)

(plaintiff given opportunity to file brief addressing failure to appear at mediation).

## Analysis

## I.     Whether The Court Should Dismiss The Case With Prejudice

The Ehrenhaus factors counsel against dismissal for failure to attend mediation on

August 29, 2019.  The first and second factors weigh slightly in favor of dismissal.  As to the

first factor, plaintiff's actions prejudiced defendant by causing delay and increased attorney fees.

By itself, however, delay is generally insufficient to warrant dismissal.  Ehrenhaus, 965 F.2d at 921.  As to the second factor, plaintiff interfered with the judicial process by failing to attend court-ordered mediation.  This interference has not been substantial, however, at this early stage of litigation.

As to the third factor, it is unclear whether plaintiff was culpable for her failure to comply with the Court's order to participate in mediation.  Although plaintiff's *pro se* status does not excuse her noncompliance, it makes it less likely that plaintiff understood the seriousness of noncompliance.  See, e.g., Witherspoon v. Roadway Express, 142 F.R.D. 492, 494 (D. Kan. 1992) (*pro se* litigants prone to violate court rules due to lack of legal training).  Furthermore, the Court has more reason to be cautious considering the fourth Ehrenhaus factor.  The Court did not warn plaintiff that it could dismiss the case because of noncompliance.  Thus, the third and fourth factors weigh against dismissal.

As to the fifth and final factor, dismissal is ordinarily not warranted if lesser sanctions would be effective.  Ehrenhaus, 965 F.2d at 922.  "Particularly in cases in which a party appears *pro se*, the [C]ourt should carefully assess whether it might appropriately impose some sanction other than dismissal, so that the party does not unknowingly lose [her] right of access to the courts because of a technical violation."  Id. at 920 n.3.  Dismissal with prejudice is a harsh and extreme sanction considering plaintiff's *pro se* status.  Dismissal without prejudice may be appropriate in the future if plaintiff continues to ignore Court orders and rules.  At this time, however, it is an open question whether lesser sanctions would be effective.  Considering the Ehrenhaus factors, the Court finds that dismissal is not warranted at this time.

## II.    Whether The Court Should Impose Sanctions

The Court has discretion to impose lesser sanctions for failure to comply with Court orders, but the sanction must be "just" and "related" to the noncompliance at issue.   See Ehrenhaus, 965 F.2d at 920-21.   If the Court imposes monetary sanctions, the amount must be based on "a sufficient nexus between noncompliance with the rules and the amount of fees and expenses awarded as a sanction."   Olcott v. Delaware Flood Co., 76 F.3d 1538, 1557 (10th Cir. 1996). More substantial sanctions may be warranted if the party has engaged in multiple violations, if the party received prior sanctions for similar misconduct or if the party received prior warnings about of the seriousness of misconduct.   See Switzer v. Much, Shelist, Freed, Denenberg, Ament, Bell & Rubenstein, P.C., 214 F.R.D. 682, 687 (W.D. Okla. 2003); see also Turner v. Young, 205 F.R.D. 592, 594-95 (D. Kan. 2002) (Court reluctant to impose sanctions when party not alerted it would be subject to sanctions).

On the other hand, lesser sanctions may be warranted for isolated instances of noncompliance or based on a litigant's *pro se* status.   See, e.g., McKenzie v. Citibank, No. 08-02510-JAR, 2009 U.S. Dist. LEXIS 114949, at *17 (D. Kan. Dec. 8, 2009) (sanctions for *pro se* plaintiff's "intentional and willful" failure to attend depositions limited to defendant's reasonable expenses, further reduced by magistrate judge to $100).   The Court applies a less stringent standard to *pro se* litigants than it does to attorneys.   See Garrett, 425 F.3d at 840.   *Pro se* litigants are not immune from sanctions, however, if they fail to comply with Court orders and rules.   Id.; see also Villecco v. Vail Resorts, Inc., 707 Fed. App'x 531, 532 (10th Cir. 2017) (affirming sanctions for *pro se* plaintiff's failure to prosecute).

Plaintiff's failure to attend mediation is the only instance of noncompliance which is at issue in this motion.[1]  Plaintiff has not received previous admonishments or sanctions for similar misconduct and the Court has not warned plaintiff that noncompliance could result in dismissal or other sanctions.  Without such a warning, given plaintiff's *pro se* status, it is unclear whether plaintiff understood the consequences of her actions.  Furthermore, the Court lacks information about the circumstances surrounding plaintiff's noncompliance.  On this record, the Court cannot determine whether sanctions short of dismissal are inappropriate.  It therefore orders plaintiff to show cause, in writing, as set forth below, why sanctions should not be imposed.

The Court expects plaintiff to comply with all Court orders and rules.  The Court puts plaintiff on notice that future noncompliance will result in sanctions.  Potential sanctions may include, but are not limited to, dismissal, fines and plaintiff's payment of expenses, including attorney fees.  See Fed. R. Civ. P 16(f), 41(b).

**IT IS THEREFORE ORDERED that Defendant's Motion To Dismiss Plaintiff's Complaint For Failure To Prosecute Or, In The Alternative, For Sanctions (Doc. #38) filed September 24, 2019 is OVERRULED**.

**IT IS FURTHER ORDERED that plaintiff show cause in writing on or before November 25, 2019 why the Court should not impose sanctions, including reasoning expenses and attorney fees, on account of plaintiff's failure to attend court-ordered mediation on August 29, 2019.**

Dated this 15th day of November, 2019 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL

---

[1]	The Court is aware that plaintiff did not attend the pretrial conference and is apparently delinquent in meeting other obligations to the Court.  This order does not address those issues because they occurred after defendant filed this motion.

United States District Judge