## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

RODSHAE WATKINS,

      Plaintiff,

      v.

CORRECT CARE SOLUTIONS, LLC,

      Defendant.

Case No. 19-2114-KHV-ADM

## REPORT AND RECOMMENDATION

On February 28, 2019, Plaintiff Rodshae Watkins filed this lawsuit against her former employer Wellpath LLC (formerly Correct Care Solutions) alleging violations of Title VII of the Civil Rights Act of 1964 and common law defamation.   (ECF No. 1.)   Ms. Watkins was initially represented by counsel but has proceeded *pro se* since August 22.   (*See* ECF No. 32.)   On November 15, the district judge issued an order to show cause as to why the court should not impose sanctions on Ms. Watkins for her failure to attend court-ordered mediation on August 29. (ECF No. 44.)   On November 21, the undersigned issued a separate order to show cause as to why this case should not be dismissed for failure to prosecute after Ms. Watkins did not participate in drafting a proposed pretrial order or appear at the November 13 final pretrial conference.   (ECF No. 46.)

Ms. Watkins did not respond to either of the court's orders.   For the reasons discussed below, the undersigned recommends that this case be dismissed with prejudice for failure to prosecute.[1]

---

[1] The Honorable Judge Kathryn H. Vratil, U.S. District Judge referred both orders to show cause to the undersigned for a report and recommendation.   (ECF No. 49.)

## I.    BACKGROUND

Ms. Watkins was represented by counsel when she filed this case on February 28, 2019. (ECF No. 1.)   On August 18, Ms. Watkins' counsel filed a Motion to Withdraw as Counsel of Record, explaining that Ms. Watkins had not followed counsel's advice regarding this court's orders, that there was a complete and total breakdown in communication between Ms. Watkins and her attorney, and that counsel's continued representation was impractical.   (ECF No. 30.) On August 22, the court granted the motion.   (*See* ECF No. 32.)   In doing so, the court told Ms. Watkins that the court expected her to participate in the case and meet the deadlines set forth in the scheduling order, whether she remained *pro se* or secured new counsel.   (*Id.* at 1.)   The court also specifically informed Ms. Watkins that the court expected her to participate in mediation that the parties had previously scheduled for August 29.   (*Id.* at 2.)   Defendant personally served Ms. Watkins with a copy of the August 22 order the day it was entered.   (*See* ECF No. 33.)

Despite the court's order, Ms. Watkins did not appear for the August 29 mediation. Following Ms. Watkins' failure to appear, defendant filed a motion to dismiss for failure to prosecute or, in the alternative, for sanctions.   (ECF No. 38.)   Ms. Watkins never filed a response.

On September 30, defendant filed a notice scheduling Ms. Watkins' deposition for October 15.   (ECF No. 40.)   Defendant personally served the notice on Ms. Watkins via email and personally.   (*Id.* at 2.)   Ms. Watkins appeared for her deposition on October 15.

After the close of discovery on October 25, the scheduling order required the parties to submit a draft pretrial order by November 5 prior to the final pretrial conference scheduled for November 13.   (ECF No. 18, at 2; ECF No. 41.)   Pursuant to D. Kan. Rule 16.2(a), "parties have joint responsibility to attempt in good faith to formulate an agreed [pretrial] order."   On November 4, the undersigned's chambers received an email explaining defense counsel's efforts to secure

Ms. Watkins' participation in preparing the draft pretrial order.  (*See* ECF No. 46-1.)   After

receiving this email, the court extended the pretrial order deadline to November 7.   (*See* ECF No.

42.)   In doing so, the court also ordered Ms. Watkins to participate in drafting the pretrial order.

(*Id.*)   The court explained to her "that the proposed pretrial order must be a joint effort from the

parties who have an equal obligation to cooperate fully in its creation."   (*Id.*)   The court mailed

a copy of this order to Ms. Watkins' address of record, and chambers staff and defense counsel

also emailed her a copy.

The court attempted to convene the pretrial conference as scheduled on November 13.

Ms. Watkins did not appear.   At the pretrial conference, defense counsel confirmed that Ms.

Watkins never responded to defense counsel's attempts to reach her regarding the draft pretrial

order.   Accordingly, she did not participate in drafting the pretrial order, despite the court's order

and her obligation under D. Kan. Rule 16.2(a).

On November 15, the district judge denied defendant's motion to dismiss for failure to

prosecute or, in the alternative, for sanctions.   (ECF No. 44.)   At the same time, however, the

court ordered Ms. Watkins to show cause in writing on or before November 25 why the court

should not impose lesser sanctions for her failure to attend court-ordered mediation on August 29.

(ECF No. 44, at 6.)   The court warned Ms. Watkins that this case could be dismissed for future

noncompliance with court orders and rules.   (*Id.*)   A copy of the court's November 15 order was

sent to Ms. Watkins by regular mail.

On November 21, the undersigned issued a separate order to show cause relating to Ms.

Watkins' failure to appear at the November 13 final pretrial conference.   (ECF No. 46.)   The

court described Ms. Watkins' failures to comply with D. Kan. Rule 16.2, the court's November 4

order, and the scheduling order, and required Ms. Watkins to show cause in writing on or before

December 5 why her case should not be dismissed for failure to prosecute.  (*See id.* at 3.)   The court specifically warned Ms. Watkins that failure to respond to the order to show cause could result in dismissal of her case.   A copy of the court's November 21 order was sent to Ms. Watkins by certified and regular mail.

On defendant's motion to extend the dispositive motion deadline (ECF No. 45), the court entered a first amended scheduling order on November 21.   (ECF No. 47.)   The amended schedule required the parties to submit a proposed pretrial order by December 13 and appear for a final pretrial conference on December 20.   (*Id.* at 2.)   The court again reminded Ms. Watkins of her obligation to assist in preparing a proposed pretrial order and warned her that failure to do so and/or failure to appear at the pretrial conference could result in dismissal of her case.   (*Id.*)   A copy of the first amended scheduling order was sent to Ms. Watkins by regular mail.

During the week of December 9, defense counsel again contacted the undersigned's chambers via email regarding the draft pretrial order.   Defense counsel described her co-counsel's unsuccessful efforts to secure Ms. Watkins' participation in preparing the draft pretrial order following entry of the first amended scheduling order.   (*See* Exhibit A.)   Because Ms. Watkins never responded to defense counsel's attempts to contact her, the parties did not submit a complete draft proposed pretrial order by December 13.

The court attempted to convene the pretrial conference as rescheduled on December 20.   Ms. Watkins did not appear.   At the pretrial conference, defense counsel confirmed that Ms. Watkins had ceased responding to defendant's attempts to communicate regarding this case.   Defense counsel also submitted copies of the emails sent to Ms. Watkins regarding the pretrial order.   (*See* Exhibit B.)

## II.   ANALYSIS

Where a plaintiff fails to comply with a court order or rule or fails to prosecute the case, a

district court has discretion to dismiss the action under Federal Rule of Civil Procedure 41(b).   *See*

*AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc.*, 552 F.3d 1233, 1236 (10th Cir.

2009); *Rogers v. Andrus Transp. Servs.*, 502 F.3d 1147, 1151 (10th Cir. 2007).   Specifically, this

court's local rules provide that the court may enter a judgment of dismissal where "a pro se litigant

fail[s] to appear at the pretrial conference or fail[s] to comply in good faith with the provisions of

this rule."   D. KAN. RULE 16.2(c).   "When dismissing a case without prejudice, 'a district court

may, without abusing its discretion, enter such an order without attention to any particular

procedures.'"   *AdvantEdge*, 552 F.3d at 1236 (quoting *Nasious v. Two Unknown B.I.C.E. Agents*,

492 F.3d 1158, 1162 (10th Cir. 2007)).   When dismissing a case with prejudice, a harsher remedy,

the district court must first examine the factors set forth in *Ehrenhaus v. Reynolds*: (1) the degree

of actual prejudice to the other party; (2) the amount of interference with the judicial process; (3)

the litigant's culpability; (4) whether the court warned the party in advance that dismissal would

be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.   965 F.2d 916,

921 (10th Cir. 1992).   Dismissal with prejudice is warranted when "the aggravating factors

outweigh the judicial system's strong predisposition to resolve cases on their merits."   *Id.*

Here, the *Ehrenhaus* factors warrant dismissing Ms. Watkins' claims with prejudice.   Ms.

Watkins' only effort to participate in this case since her attorney withdrew in August of 2019 was

appearing for her deposition in October.   She has repeatedly disregarded this court's orders.   This

includes deadlines set forth in the initial scheduling order, the August 22 order requiring her to

appear for mediation, the November 4 order requiring her to participate in drafting the proposed

pretrial order, and the first amended scheduling order.   She also disregarded this court's rules,

most blatantly by failing to participate in drafting the proposed pretrial order and failing to appear

at the pretrial conferences.  *See* D. KAN. RULE 16.2(a).  These failures alone may result in the

sanction of dismissal.  *See* D. KAN. RULE 16.2(c) ("Should . . . a pro se litigant fail to appear at

the pretrial conference or fail to comply in good faith with the provisions of this rule, the court

may, in its discretion, enter a judgment of dismissal or default.").  Finally, Ms. Watkins failed to

respond to the court's orders to show cause, which were issued in November 2019.[2]

The court has now repeatedly warned Ms. Watkins that her failure to comply with court

orders and rules could result in this action being dismissed.  Yet she has ignored every warning.

Given Ms. Watkins' failure to actively participate in the case and her continued failure to comply

with the court's orders and court rules, the undersigned finds the sanction of dismissal is

appropriate because she has effectively stopped participating in this case.  Lesser sanctions, such

as those discussed in Federal Rule of Civil Procedure 37(b)(2)(A)(i)-(iv), have no efficacy where

a plaintiff has abandoned her claims.  Further, permitting this case to linger on the docket will

prejudice defendant, who has already been forced to expend resources defending against Ms.

Watkins' claims and attempting to persuade Ms. Watkins to participate in her own case, which has

proved fruitless.  Because Ms. Watkins has abandoned all efforts to prosecute this case, the

undersigned recommends that this case be dismissed with prejudice pursuant to Rule 41(b).

---

[2] None of the mail addressed to Ms. Watkins was returned as undeliverable.  The court therefore presumes that she received all mailings.  *Moya v. United States*, 35 F.3d 501, 504 (10th Cir. 1994) ("[T]he law presumes delivery of a properly addressed piece of mail . . . .").  The court also received a certified mail receipt for the November 21 order to show cause, sent by regular and certified mail.  (*See* ECF No. 48.)

### III.    CONCLUSION

For the reasons discussed above, the undersigned recommends that this case be dismissed with prejudice pursuant to Rule 41(b).

Pursuant to 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b)(2), and D. Kan. R. 72.1.4(b), the court informs Ms. Watkins that she may file specific written objections to this report and recommendation within fourteen days after being served with a copy.   If Ms. Watkins fails to file objections within the fourteen-day time period, no appellate review of the factual and legal determinations in this recommendation will be allowed by any court.   *See In re Key Energy Res. Inc.*, 230 F.3d 1197, 1199-1200 (10th Cir. 2000).

**IT IS SO ORDERED.**

Dated December 26, 2019, at Topeka, Kansas.

s/ Angel D. Mitchell
Angel D. Mitchell
U.S. Magistrate Judge